UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JULIUS KORNHAUSER, | : | |
| | : | |
| Petitioner, | : | Civ. No. 16-2554 (RBK) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | OPINION |
| | : | |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

### I. INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Previously, this matter was administratively terminated as petitioner did not submit an application to proceed *in forma pauperis* and had not paid the $5.00 filing fee. Petitioner has now submitted an application to proceed *in forma pauperis* which will be granted. For the reasons that follow, the habeas petition will be summarily dismissed.

### II. BACKGROUND

Petitioner is currently serving a federal sentence of 168 months after he was convicted by a jury in 2011 of possession and receipt of child pornography in the United States District Court for the Southern District of New York. Petitioner's direct appeal was denied by the United States Court of Appeals for the Second Circuit in 2013. It does not appear that petitioner has ever filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in the Southern District of New York after his direct appeal.

In May, 2016, this Court received petitioner's habeas petition filed pursuant to 28 U.S.C. § 2241. Petitioner challenges his federal criminal conviction in this § 2241 habeas action. More specifically, petitioner raises the following claims:

1. Because of erroneous evidentiary rulings, jury instructions, and/or the government's failure to prove all of the elements of the offenses, beyond a reasonable doubt, petitioner's conviction is not legally sustainable, and should be reversed.

2. The sentence imposed by district court was unreasonable.

Accordingly, petitioner argues that his criminal conviction and sentence are not legally sustainable and he asks this Court to reverse and vacate his criminal conviction and sentence.

### III.   STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant habeas petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se,* his petition is held to less stringent standards than those pleadings drafted by lawyers. See *Rainey v. Varner,* 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero,* 502 F.3d 331, 334 (3d Cir. 2007) ( "we construe pro se pleadings liberally.") (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S .Ct. 594, 30 L.Ed.2d 652 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed

to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas,* 517 U.S. 314, 320 (1996).

## IV.   DISCUSSION

Petitioner is seeking to have this Court review the judgment of conviction and sentence entered by the Southern District of New York arising from petitioner's federal criminal proceedings. Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle,* 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002)). This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of ... § 2255." *Cradle,* 290 F.3d at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to

3

use it, that is determinative." *Id.* at 538 (citation omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil,* 119 F.3d 245, 251–52 (3d Cir. 1997)).

In *Dorsainvil,* the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]" 119 F.3d at 251. Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.* The "safety valve," as stated in *Dorsainvil,* is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke,* 307 F.3d at 120 (citing *Dorsainvil,* 119 F.3d at 251).

Petitioner does not allege facts to bring him within the *Dorsainvil* exception. He does not allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. Furthermore, his challenge to his sentence also does not fall within the *Dorsainvil* exception. *See, e.g.*, *Turnquest v. Allenwood*, No. 15-2195, 2016 WL 456599, at *2 n.4 (3d Cir. Feb. 5, 2016) (petitioner who challenged the legality of his sentence by arguing the sentencing court could not impose a consecutive sentence could not raise the claim in a § 2241 petition because the District Court would lack jurisdiction to decide it). Thus, this Court lacks jurisdiction to consider the instant habeas petition as the

4

petition does not fall within the *Dorsainvil* exception to allow this § 2241 habeas petition to move forward in this Court.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. It does not appear that petitioner has ever filed a § 2255 motion in the Southern District of New York, where he was convicted and sentenced. Nevertheless, this Court finds that it is not in the interest of justice to transfer this petition to the Southern District of New York at this time.[1]

## V.   CONCLUSION

For the foregoing reasons, the habeas petition will be summarily dismissed due to a lack of jurisdiction. An appropriate order will be entered.


DATED:  August 9, 2016                             s/Robert B. Kugler
                                                   ROBERT B. KUGLER
                                                   United States District Judge

---

[1] This Opinion should not be read as finding that any § 2255 motion that petitioner may elect to file in the Southern District of New York in the future is or is not timely as that issue is not before this Court. Instead, this Court only finds that it lacks jurisdiction to consider the instant § 2241 in this Court and that it is not in the interest of justice to transfer this case to the Southern District of New York based on that lack of jurisdiction.